FILED
2014 Mar-10  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| ROBERT BRYANT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   CASE NO. |
| | ) |
| JUSTIN WATSON; JAKE CHURCH; | ) |
| DREW LANE; STAN BICE; CHAD | ) |
| BROOKS; MIKE SALAMONSKI; | ) |
| RYAN COUNTESS; JERMAINE | ) |
| NETTLES; and BLAKE DORNING, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Robert Bryant complains of defendants, stating as follows:

### Parties

1.      Plaintiff Robert Bryant is of legal age and is a U.S. citizen and resident of the state of Alabama.

2.      Defendant Justin Watson is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

3.      Defendant Jake Church is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

4.     Defendant Drew Lane is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

5.     Defendant Stan Bice is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

6.     Defendant Chad Brooks is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

7.     Defendant Mike Salamonksi is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

8.     Defendant Jermaine Nettles is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

9.     Defendant Ryan Countess is an individual.  On or about August 22, 2012, he was a Madison County, Alabama Deputy Sheriff.  He is sued in his individual capacity only.

10.     Defendant Blake Dorning is an individual.  For over 10 years, Dorning

2

has been the Madison County, Alabama Sheriff.  He is sued in his individual and official capacities.

**Facts**

11.     On or about August 22, 2012, defendant Church, without reasonable suspicion or probable cause, executed a traffic stop on plaintiff.

12.     Plaintiff had violated no traffic laws before Church executed the stop.

13.     Church stopped plaintiff in order to assist defendant Watson in getting revenge against plaintiff, who had, weeks earlier, bested Watson in a bar scuffle initiated by Watson.

14.     Watson conspired with at least Church (and most likely other Madison County deputies) regarding obtaining revenge against plaintiff.

15.     After Church initiated the traffic stop of Bryant, Church contacted at least Watson (and most likely other Madison County deputies) to come to the scene and participate in the revenge beatdown of plaintiff.

16.      During the incident, Church, without provocation, among other things, punched plaintiff in the mouth, struck him with a baton, rendered him unconscious using a choke hold, and then, after cuffing plaintiff, beat him, mostly in the face.

17.     Other deputies arrived and participated in beating plaintiff or watched as other officers beat the unconscious plaintiff, doing nothing.

3

18.     The deputies who beat and/or watched while others beat the cuffed and unconscious plaintiff include defendants Church, Watson, Lane, Bice, Brooks, Salamonski, and Countess.

19.     Additionally, defendant Lane shot plaintiff with a taser.

20.     Because Deputy Watson was known to have a revenge motive regarding plaintiff, defendants and other Madison County Sheriff personnel agreed to a false version of events in which not only was plaintiff the aggressor, but Watson was the deputy who stopped plaintiff.

21.     At least defendants Bice and Watson prepared false written reports.

22.     As part of the above-described conspiracy, defendant Nettles, who was assigned to investigate, prepared a report that, among other things, falsely stated that plaintiff stated he was sorry about the incident, as if plaintiff was at fault.

23.     All of the individual deputy defendants, in order to cover up the revenge beatdown of plaintiff and their participation in it or in the cover-up, conspired and agreed to support the false narrative in which Watson stopped plaintiff and was the victim, and each made oral statements supporting the false narrative.

24.     Defendant Nettles then obtained the warrant for plaintiff's arrest.

25.     Other defendants made false oral statements in support of the agreed-to (false) version of the incident in which Watson stopped plaintiff and was the victim.

4

26.     All defendants except Dorning agreed and conspired to cover-up the beating of plaintiff by pursing false charges against plaintiff.

27.     Plaintiff was falsely charged with an improper lane change, harassment (for kicking defendant Lane), and assaulting Watson, a law enforcement officer (second degree assault).

28.     The arrest and prosecution of plaintiff was without probable cause or even arguable probable cause.

29.     Eventually, the district attorney dismissed the charges.

30.     At an unknown time after the incident, defendant Dorning was informed of the misconduct of his deputies, including the revenge beating and cover-up.

31.     Dorning learned that numerous officers of various ranks were involved in the beating, in the cover-up, or in both, including at least two sergeants (Bice and Brooks) and at least one lieutenant (Salamonski).

32.     At least one of the officers involved, defendant Church, was a training officer.

33.     At the time of the incident, defendant Church was training defendant Countess.

34.     Dorning learned that Watson had perjured himself in the preliminary hearing in plaintiff's criminal case.

35.     Nevertheless, Dorning has taken no action against any of the involved deputies.

36.     In fact, Dorning did not even initiate an investigation.

37.     Dorning's refusal to take action despite clear evidence of serious misconduct by his officers is part of a longstanding practice of Dorning.

38.     Prior to the arrest and beating of plaintiff, Dorning has permitted, encouraged, and ratified a pattern and practice of misconduct, including false arrests and excessive force, in that Dorning:

        a.     failed to discipline or prosecute or in any manner deal with known incidents of misconduct, including incidents of false arrest and excessive force; and

        b.     refused to investigate complaints of misconduct, including complaints of false arrest and excessive force, and, instead, officially claimed such incidents were justified and proper.

39.     Other incidents in which deputies were not properly investigated or disciplined for false arrest and/or clearly excessive force include three that resulted in lawsuits filed by the undersigned, on behalf of Lance Johnson (No. 5-09-cv-01940-IPJ), James Ratliff (No. 5:11-CV-03612-TMP), and Sonney Summers (No. 5:12-cv-01816-CLS).

40.     The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of Dorning and caused deputies under his supervision to believe

that false arrest, excessive force, and other misconduct would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would violate the constitutional rights of plaintiff and other similarly-situated citizens.

41.     As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation, and has been caused to incur medical and legal bills and other expenses.

42.     The individual defendants acted with malice and/or with reckless indifference to plaintiff's constitutional rights.

## Count I - 42 U.S.C. § 1983 - Illegal Stop

43.     On or about August 22, 2012, defendant Church, acting under color of law within the meaning of 42 U.S.C. § 1983, executed a traffic stop on plaintiff without any basis for doing so. This individual defendant did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.  Specifically, he violated plaintiff's right to be free from unlawful searches and seizures.

44.     As explained above, Dorning has established a custom and policy of tolerating misconduct by his officers, and, therefore, he is responsible as well.

7

## Count II - 42 U.S.C. § 1983 - Illegal Seizure

45.     On or about August 22, 2012, the individual deputy defendants except Nettles, acting under color of law within the meaning of 42 U.S.C. § 1983, arrested plaintiff without probable cause and without a warrant, assisted in the false arrest of plaintiff, conspired to arrest plaintiff, and/or failed to stop the false arrest of plaintiff despite knowledge and an opportunity to do so.  These individual defendants did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unlawful searches and seizures.

46.     As explained above, Dorning has established a custom and policy of tolerating misconduct by his officers, and, therefore, he is responsible as well.

## Count III - 42 U.S.C. § 1983 - Excessive Force

47.     On or about August 22, 2012, the individual deputy defendants except Nettles assaulted and battered plaintiff and/or failed to intervene to protect plaintiff from excessive force by other deputies despite an opportunity to do so.  Defendants did thereby deprive the plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.  Specifically, they violated plaintiff's right to be free from excessive force.

48.     As explained above, Dorning has established a custom and policy of tolerating misconduct by his officers, and, therefore, he is responsible as well.

**Count IV - 42 U.S.C. § 1983 - Malicious Prosecution**

49.     After plaintiff's arrest on or about August 22, 2012, the individual deputy defendants, acting under color of state law within the meaning of 42 U.S.C. § 1983, maliciously prosecuted plaintiff without probable cause and/or conspired to do so, thereby depriving plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.  Specifically, they violated plaintiff's right to be free from unlawful seizure.

50.     Specifically, these defendants provided false oral and/or written reports in support of the charges against plaintiff and failed to provide the prosecutor's office with exculpatory information.

51.     Defendants Watson and Lane were complaining witnesses.

52.     Defendant Nettles obtained the warrants.

53.     These defendants conspired and agreed to pursue the wrongful prosecution of plaintiff as a defense to plaintiff's civil suit.

54.     Plaintiff's continuing criminal prosecution was a natural consequence of defendants' conduct.

55.     As explained above, Dorning has established a custom and policy of

tolerating misconduct by his officers, and, therefore, he is responsible as well.

56.     Further, Dorning became aware of the malicious prosecution of plaintiff and failed to take timely steps to terminate the prosecution.

## Other Matters

57.     All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

58.     As relief, plaintiff seeks the following:

a.      That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

b.      That plaintiff be awarded such punitive damages against defendant as a jury shall determine from the evidence plaintiff is entitled to recover;

c.      That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

d.      That plaintiff be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

e.      That plaintiff be awarded an amount to compensate plaintiff for any adverse tax consequences as a result of a favorable judgment; and

f.      That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated: March 10, 2014.**

Henry F. Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
P. O. Box 606
Florence, Alabama 35631-0606
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com


 s/ Jeremiah M. Hodges
Jeremiah M. Hodges
Hodges Trial Lawyers, P.C.
200 West Side Square, Suite 309
Huntsville, Alabama 35801
Phone: 256-539-3110
Fax: 256-539-3212
Email: jmhodges@notanaccident.com

Attorneys for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.

Henry F. Sherrod III

11