FILED

2014 Apr-03  PM 05:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

ROBERT BRYANT,                          )
                                        )
    Plaintiff,                      )
                                        )
vs.                                     )   CASE NO. 5:14-CV-00414-CLS
                                        )
JUSTIN WATSON; JAKE CHURCH;             )
DREW LANE; STAN BICE; CHAD              )
BROOKS; MIKE SALAMONSKI;                )
RYAN COUNTESS; JERMAINE                 )
NETTLES; and BLAKE DORNING,             )
                                        )
    Defendants.                     )

### ANSWER OF RYAN COUNTESS TO PLAINTIFF'S COMPLAINT

    **COMES NOW** the Defendant, **RYAN COUNTESS**, and for answer to the
plaintiff's complaint, states and shows as follows:

### Parties

    1.    On information and belief, this defendant admits that plaintiff is of
legal age but is unable to admit or deny that he is a U.S. citizen or a resident of the
State of Alabama.  To the extent that this paragraph contains factual allegations
that are intended to allege that said defendant has any liability to the plaintiff, or
the plaintiff is entitled to recovery for the matters alleged in the complaint, such
allegations are denied.

{01906022.1}

2.     The defendant admits that the defendant named in the paragraph was an individual and was a Madison County Deputy Sheriff on August 22, 2012.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

3.     This defendant admits that the defendant named in the paragraph was an individual and was a Madison County Deputy Sheriff on August 22, 2012.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

4.     This defendant admits that the defendant named in the paragraph was an individual and was a Madison County Deputy Sheriff on August 22, 2012.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

5.     This defendant admits that the defendant named in the paragraph was an individual and was a Madison County Deputy Sheriff on August 22, 2012.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

6.      This defendant admits that the defendant named in the paragraph was an individual and was a Madison County Deputy Sheriff on August 22, 2012.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

7.      This defendant admits that the defendant named in the paragraph was an individual and was a Madison County Deputy Sheriff on August 22, 2012.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

8.      This defendant admits that the defendant named in the paragraph was an individual and was a Madison County Deputy Sheriff on August 22, 2012.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

9.      The defendant admits he is an individual.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

{01906022.1}

10.     This defendant admits that Blake Dorning is an individual and the Madison County Sheriff.  To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

### Facts

11.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

12.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

13.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

14.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

15.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

16.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

17.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

{01906022.1}

18.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

19.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

20.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

21.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

22.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

23.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

24.     To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

25.     To the extent that this paragraph contains factual allegations that are intended to allege that said defendant has any liability to the plaintiff, or the plaintiff is entitled to recovery for the matters alleged in the complaint, such allegations are denied.

{01906022.1}

26.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

27.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

28.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

29.    Upon information and belief, the allegations of this paragraph of the complaint are admitted.

30.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

31.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

32.    Admitted.

33.    Admitted.

34.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

35.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

36.    Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

{01906022.1}

37.     Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

38.     Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

39.     Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

40.     Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

41.     Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

42.     Defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

### Count I – 42 U.S.C. § 1983 – Illegal Stop

43.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

44.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

### Count II – 42 U.S.C. § 1983 – Illegal Seizure

45.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

{01906022.1}

46.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

## Count III – 42 U.S.C. § 1983 – Excessive Force

47.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

48.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

## Count IV – 42 U.S.C. § 1983 – Malicious Prosecution

49.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

50.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

51.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

52.     The defendant denies the allegations of this paragraph of the complaint and strict proof is demanded thereof.

53     Defendant denies the allegations of this paragraph and strict proof is demanded thereof.

54.     Defendant denies the allegations of this paragraph and strict proof is demanded thereof.

55.    Defendant denies the allegations of this paragraph and strict proof is demanded thereof.

56.    Defendant denies the allegations of this paragraph and strict proof is demanded thereof.

### Other Matters

57.    The averments of this paragraph of the complaint state a legal conclusion and require no response.  To the extent a response is required, defendant denies the allegations and strict proof is demanded thereof.

### Relief Sought

58.    The averments of this paragraph of the complaint state a legal conclusion and require no response.  To the extent that there are any allegations of any wrongdoing or tortious conduct in this paragraph of the complaint, the same are denied and strict proof is demanded thereof.  Moreover, the defendant denies that the plaintiff is entitled to any of the relief requested, or any relief whatsoever, and strict proof is demand thereof.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant is not guilty of the things and matters alleged in the plaintiff's complaint.

{01906022.1}

### SECOND DEFENSE

The defendant denies that he violated any right of the plaintiff.

### THIRD DEFENSE

The defendant denies that he breached any duty owed to the plaintiff.

### FOURTH DEFENSE

The defendant specifically denies that he has, in any way, violated any right, privilege or immunity owed to the plaintiff.

### FIFTH DEFENSE

The defendant is entitled to qualified immunity on the plaintiff's claims alleged against it under 42 U.S.C. § 1983.

### SIXTH DEFENSE

This defendant avers that each and every act done by him was done in good faith belief that the acts were legal, lawful and proper, and that such acts or omissions were reasonable under the circumstances. This defendant invokes his good faith qualified immunity.

### SEVENTH DEFENSE

The defendant denies he is legally liable for the acts, errors or omissions of any other defendant.

{01906022.1}

## EIGHTH DEFENSE

To the extent the plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties and/or entities other than the defendant, including the plaintiff's own conduct.

## NINTH DEFENSE

Defendant denies the plaintiff's damages were proximately caused by the defendant.

## TENTH DEFENSE

The defendant states that the incident complained of was proximately caused by an independent and/or intervening efficient cause, and not by the acts of this defendant.

## ELEVENTH DEFENSE

This defendant states that he is not liable under the doctrine of respondeat superior.

## TWELFTH DEFENSE

The plaintiff failed to exercise ordinary care for his own protection.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## FOURTEENTH DEFENSE

Any force utilized with regard to the matters at issue in this case was authorized under § 13-A-3-23, Code of Alabama (1975).

## FIFTEENTH DEFENSE

Any force utilized with regard to the matters at issue in this case was authorized under § 13-A-3-22, Code of Alabama (1975).

## SIXTEENTH DEFENSE

Any force utilized with regard to the matters at issue in this case was reasonable and necessary given the circumstances at hand.

## SEVENTEENTH DEFENSE

The plaintiff's injuries and damages were the result of his own actions which call for the imposition of reasonable force.  This defendant states that the plaintiff's claims for damages are inappropriate and are not recoverable as to this defendant.

## EIGHTEENTH DEFENSE

Defendant is entitled to absolute immunity as to any claims asserted against him in his official capacity by operation of the Eleventh Amendment of the United States Constitution.

## NINETEENTH DEFENSE

To the extent that the plaintiff attempts to allege any state law claim, the defendant states that any such claim is due to be dismissed for the defendant is a

Constitutional Office of the State of Alabama, who, under § 14 of the Alabama Constitution is immune from suit.  The defendant is entitled to absolute immunity to the actions alleged in the plaintiff's complaint.

## TWENTIETH DEFENSE

To the extent that the plaintiff attempts to allege any state law claims the defendant is entitled to discretionary function immunity.

## TWENTY-FIRST DEFENSE

To the extent that the plaintiff attempts to allege any state law claims the defendant is entitled to state agent immunity under Ex parte Cranman, 792 So.2d 392 (Ala. 2000).

## TWENTY-SECOND DEFENSE

With regard to the punitive damages sought by the Plaintiff in this action, Defendant states:

(a)     Said Defendant denies he is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against said Defendant.

(b)     Plaintiff cannot recover punitive damages against said Defendant because such an award, which is penal in nature, would violate said defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless said Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

{01906022.1}

(c)    Subjecting said Defendant to punitive damages, or affirming an award of punitive damages against said Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of the Article I, Section 13, of the Alabama Constitution, as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

(i)    Any award of punitive damages against said Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond reasonable doubt;

(ii)    There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(iii)    Any punitive damages award would not be subject to post-trial or appellate view on the basis of suitable and sufficient objective standards and criteria;

(iv)    The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(v)    Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and said defendant's alleged wrongful or culpable conduct;

(vi)    Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(vii)    Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(viii)    In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular Defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one Defendant based in part upon culpability of another Defendant, and such a joint verdict the single amount could be enforced against a Defendant for any portion of that judgment regardless of defendants culpability or relative culpability;

(ix)    Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(x)    Where joint and several punitive damages award is mandated to be in a single amount against each Defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendants;

(xi)    An award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of the defendants;

(xii)    An award of punitive damages should not be permitted to be assessed against said Defendant vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by said Defendant;

(xiii)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(xiv)    Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective, logical, or reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

(xv)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against said Defendant;

(xvi)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(xvii)     The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

(xviii)     The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(xix)     An award of punitive damages would constitute an arbitrary and capricious taking of property of said Defendant without due process of law.

(xx)     Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority."  Thus, the punitive damage system in place in the State deprives Defendant of "fair notice...of the severity of the penalty that [could be] impose[d]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decisionmaker's caprice." Phillip Morris v. Williams, 127 S.Ct. 1057, 1062 (2007) (citations omitted).

(xxi)     Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages.  Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." Phillip Morris v. Williams, 127 S.Ct. 1057, 1059 (2007) (citations omitted).

(xxii)     Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth

Amendment because there are no standards provided by the State law for the imposition of punitive damages. "[I]t is constitutionally important for a court to provide assurance that a jury is asking the right question." <u>Phillip Morris v. Williams</u>, 127 S.Ct. 1057, 1059 (2007).

(xxiii) Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards for the imposition of punitive damages. Thus, the punitive damage system in place in State creates an unnecessary risk of confusion and misunderstanding by the jury in awarding such damages. Pursuant to the Due Process Clause of the United States Constitution, this Court must protect Defendant. "Where the misunderstanding is a significant one…a court, upon request, must protect against that risk." <u>Phillip Morris v. Williams</u>, 127 S.Ct. 1057, 1065 (2007). [F]ederal constitutional law obligates [courts] to provide some form of protection [to defendants] in appropriate cases." Id. (emphasis in original).

(xxiv) Alabama's verbal formulations for post-judgment review of a punitive damage award fail to provide constitutionally sufficient standards for protecting a Defendant against an inappropriate penalty. <u>Exxon Shipping Company v. Baker</u>, 128 S. Ct. 2605, 2627-28 (2008).

(xxv) Current Alabama law lacks constitutionally sufficient "rigorous standards" for the prevention of "unpredictable outlying punitive awards." <u>Exxon Shipping Company v. Baker</u>, 128 S. Ct. 2605, 2629 (2008).

(xxvi) Alabama law lacks constitutionally sufficient standards "to protect against the possibility (and the disruptive cost to the legal system) of awards that are unpredictable and unnecessary, either for deterrence or for measured retribution." <u>Exxon Shipping Company v. Baker</u>, 128 S. Ct. 2605, 2633 (2008).

(d)     Plaintiff is not entitled to punitive damages from said Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

(e)     The claim of Plaintiff for punitive damages against said Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

(f)     Imposition of punitive damages in this case against said Defendant would contravene the commerce clause of the United States Constitution in that

such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

(g)     To award punitive damages against said Defendant in this case would have a chilling affect upon said defendant's rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

(h)     Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Alabama Constitution.

(i)     To award punitive damages against said Defendant in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution, as an award of punitive damages would impair contractual obligations.

(j)     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award, in the amount of the award of punitive damages, said Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22, of the Alabama Constitution, separately and severally.

(k)     Plaintiff's claim for punitive damages violates the rights of said Defendant to due process of law and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages as set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(i)     The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(ii)     The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for said Defendant;

(iii)   The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(iv)   The Hammond and Green Oil procedure does not address, nor does it cure the lack of guidelines to be given to the jury in the assessment of punitive damages;

(v)   The Hammond and Green Oil procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(vi)   The Hammond and Green Oil procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

(l)   Plaintiff's Complaint seeks to make said Defendant liable for punitive damages.  Said Defendant adopts by references the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); Phillip Morris v. Williams, ___ U.S. ___, 127 S. Ct. 1057, 166 L. Ed. 2d 940 (2007) and Exxon Shipping Company v. Baker, ___U.S. ___, 128 S. Ct. 2605 (2008).

(m)   The demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama.

(n)   If multiple punitive damages awards were assessed against said Defendant in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and of the State of Alabama, violating said defendant's rights to due process and to a jury trial and violating said defendant's right against double jeopardy.

(o)   If punitive damages were assessed against said Defendant for conduct or events allegedly occurring in states other than in the forum state, said Defendant would be denied due process of law, the right to trial by jury, and the right against

double jeopardy under the Constitutions of the United States and the State of Alabama.

(p)    The imposition of punitive damages sought by Plaintiff violates said defendant's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment to the United States Constitution in that:

(i)    Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(ii)    Said Defendant had no notice or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case.  That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject said Defendant to punitive damages or as to the potential amount of such an award.

(iii)    Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(iv)    Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of the Defendant.

(v)    No provision of Alabama law or the Alabama punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Automobile Insurance v. Campbell, BMW of North America, Inc. v. Gore, Pacific Mutual Life Insurance Company v. Haslip, and Matthews v. Eldridge, exist for the imposition of a punitive damages award.

(vi)    Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

(vii)    Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times said Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

(q)    Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner.  The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest.  As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment to the United States Constitution are violated.

(r)    Insofar as the punitive damages awards sought by Plaintiff seek to impose punitive damages under Alabama law for conduct in other states, the award violates:

(i)    Said defendant's rights to due process and due course of law under the Fourteenth Amendment to the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

(ii)    The dormant or negative commerce clause derived from Article I, Section 8, Clause 3 of the United States Constitution;

(iii)    The full faith and credit clause of Article IV, Section 1 of the United States Constitution;

(iv)    The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(v)    The prohibition against excessive fines in the United States Constitution.

## TWENTY-THIRD DEFENSE

The defendant expressly reserves the right to amend its answer and/or to assert additional affirmative defenses as facts come to light in this matter, so as to warrant the assertion of additional defenses.

### DEFENDANT DEMANDS TRIAL BY JURY

T. Kelly May (asb-6090-y57t)
H. Cannon Lawley (asb-3908-L75H)
Eris Bryan Paul (asb-6350-S81P)
Attorneys for Defendant,
Ryan Countess

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
TEL:  (205) 251-1193
FAX: (205) 251-1256
kmay@huielaw.com
bpaul@huielaw.com
cannon@huielaw.com

{01906022.1}

## CERTIFICATE OF SERVICE

I hereby certify that I have this **3**rd day of **April, 2014**, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by placing a copy of same in the United States Mail, postage paid to the following:

Henry F. Sherrod III, Esq.
HENRY F. SHERROD III, P.C.
119 South Court Street
P.O. Box 606
Florence, Alabama  35631-0606

Jeremiah M. Hodges, Esq.
Hodges Trial Lawyers, P.C.
200 West Side Square, Suite 309
Huntsville, Alabama  35801

J. Bentley Owens III, Esq.
Wallace, Ellis, Fowler, Head & Justice
P.O. Box 587
Columbiana, Alabama 35051

George W. Royer, Jr. Esq.
Lanier, Ford, Shaver & Payne, P.C.
P.O. Box 2087
Huntsville, Alabama  35804-2087

James A. Kee Jr., Esq.
Kee Law Firm, LLC
P.O. Box 43347
Birmingham, Alabama  35243-0347

John P. Burbach, Esq.
Sirote & Permutt, P.C.
305 Church Street, Suite 800 (35801-4924)
P.O. Box 18248
Huntsville, Alabama  35804-8248

Of Counsel

{01906022.1}